UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH RADCLIFFE, an individual, CRACKERJACK CLASSICS, LLC, a Limited Liability Company.<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WRIGHT, an individual, KEYSTONE FINANCIAL MANAGEMENT, INC, a Corporation and CGROWTH CAPITAL, INC, a Corporation.<br><br>Defendants. | Civil Action No.<br><br>__ CV _____ (__)<br><br>ECF CASE<br><br>COMPLAINT |

Plaintiffs, KENNETH RADCLIFFE, hereinafter referred to as "RADCLIFFE" and CRACKERJACK CLASSICS, LLC, hereinafter referred to as "CRACKERJACK", by and through its undersigned attorney, files its complaint and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, RADCLIFFE, is a resident and citizen of the State of New York and is otherwise *sui juris*.

2. Plaintiff, CRACKERJACK, is a New York Limited Liability Company whose principal, Kenneth Radcliffe, is resident of New York and is otherwise *sui juris*.

3. Defendant, WILLIAM WRIGHT (hereinafter "WRIGHT"), is a resident and citizen of the state of Washington and is otherwise *sui juris*.

-2-

4. Defendant, KEYSTONE FINANCIAL MANAGEMENT, INC (hereinafter "KEYSTONE") is a Corporation with its principal place of business in the state of Washington.

5. Defendant, CGROWTH CAPITAL, INC (hereinafter "CGROWTH") is a Corporation with its principal place of business in the state of Washington.

6. WRIGHT is a principal and majority shareholder of KEYSTONE and CGROWTH. WRIGHT controlled and directed KEYSTONE and CGROWTH in all of the conduct complained of in the instant action.

7. Jurisdiction is proper in the Southern District of New York as Plaintiffs seek redress for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), conspiracy to commit RICO violations, unjust enrichment, fraudulent misrepresentation, and conspiracy to commit fraud. Plaintiffs are residents of New York and were solicited for funds by Defendants, in person, in the State of New York. All Defendants have sufficient contacts with the state of New York in order to confer jurisdiction under the New York Long-Arm Statute. This Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (b) in that a substantial part of the events giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

9. WRIGHT is a businessman who solicits investment from various individuals and entities throughout the United States. WRIGHT frequently travels to New York in order to conduct business.

10. WRIGHT is the principal and majority shareholder of both CGROWTH and KEYSTONE. WRIGHT conducts business on behalf of, and for the benefit of, both of these entities in the state of New York.

11. In the late summer of 2014, WRIGHT was introduced to the Plaintiffs by Frank Ottaviani. WRIGHT was in the process of raising capital for several of his companies, including SEWC and CGROWTH.

12. WRIGHT traveled to New York in early September of 2014 and had a face to face meeting at the W Hotel in Manhattan with Plaintiffs. Also present at this meeting were, Joseph Radcliffe, Frank Ottaviani and Dennis Radcliffe.

13. At this meeting WRIGHT, requested that Plaintiffs provide funding for a shell company, which he claimed was controlled by a receiver who was an associate of WRIGHT, named SEWC. WRIGHT told Plaintiffs that funds were needed to "clean up" SEWC. WRIGHT promised that any funds provided would be used to only for the benefit of SEWC. WRIGHT promised that SEWC would be a good candidate for a merger with another entity once SEWC's financials were cleaned up and its corporate structure was

reorganized.  WRIGHT claimed that Plaintiffs would be repaid with a valuable controlling position in SEWC post reorganization and merger.

14. In an email sent to Joe Radcliffe on 9/12/14, shortly after the meeting at the W Hotel WRIGHT summarized the SEWC deal as follows:

"See below – also attached the disclosure / plan of reorg from our last deal – they get one of these too –

State of Incorporation: Nevada
Originally an SB-2 (fully registered deal) with a follow-on 211 filing
Shares out 1.9B, auth 2B
Non-shell, reported for several years, filed a timely Form 15
Assets include several trademarks (clothing-related things)

Key deal mechanics:
1.     In receivership since June of this year, no creditors other than the original judgment creditor have made an appearance or filed a notice of claim
2.     (3)(a)(10) ready with merger transaction – very powerful and unique exemption for deposits of stock, resales, DTC eligibility
3.     Highly followed and actively traded stock: Two days after the notice of a court-appointed receiver (8K) the stock traded 1.89 billion shares – the deal could finance itself
4.     The play would be to raise the authorized, complete a merger and allow the stock to trade higher prior to executing any reverse – this is why we haven't done this – the current shareholder sponsorship is too valuable to reverse and wipe out
5.     We have looked at several deals, a cash and equity (75k and 15% of the stock) is ok, net cash purchase of this sort of company would be a multiple
6.     Must have a good company to merge in – can't be bought to hold as a later acquisition company
7.     Transaction will be run through the court system and result in an order and a disclosure document and plan of reorganization."

15. Plaintiffs were then invited by WRIGHT to provide a company which could be merged into SEWC.

16. Plaintiff, RADCLIFFE, reasonably relied on WRIGHT's above representations and wired $50,000.00 to KEYSTONE on October 7th, 2014.

-4-

Attached hereto and incorporated herein as Exhibit A is true and accurate copy of a wire transfer request dated 10/7/2014 showing that payment of $50,000 was made *via* wire transfer by RADCLIFFE to KEYSTONE.

17. Plaintiff, CRACKERJACK, reasonably relied of WRIGHT's above representations and wired $25,000.00 to KEYSTONE on September 12th, 2014.  Attached hereto and incorporated herein as Exhibit B is true and accurate copy of a wire transfer request dated 9/12/2014 showing that payment of $25,000 was made *via* wire transfer by CRACKERJACK to KEYSTONE.

18. WRIGHT had directed Plaintiffs to wire the funds to KEYSTONE.  WRIGHT assured Plaintiffs that all monies wired to KEYSTONE would be used for the benefit of SEWC.

19. In the following months, Plaintiffs provided 3 separate companies as candidates for merger into SEWC so that the transaction proposed by WRIGHT could come to fruition.  All proposed candidates were rejected by WRIGHT with inadequate explanation.

20. On information and belief, WRIGHT never intended the SEWC transaction to come to fruition and for Plaintiffs to benefit as promised by WRIGHT.

21. On information and belief, WRIGHT did not actually use Plaintiffs' funds for the benefit of SEWC as promised.

22. On the contrary, WRIGHT misappropriated Plaintiffs' funds and transferred Plaintiffs' funds from KEYSTONE to another of WRIGHT's closely held entities, CGROWTH.

23. WRIGHT has unlawfully used Plaintiff's monies for his own benefit and that of his company, CGROWTH.

24. WRIGHT has ignored Plaintiffs' demands for an accounting of the use of Plaintiffs' monies and has rejected Plaintiffs' demand for return of their monies making this lawsuit necessary.

## DEMAND OF JURY TRIAL

25. Plaintiffs demand trial by jury for all of the below causes of action.

## CAUSE OF ACTION I—VIOLATION OF 18 U.S.C. § 1962(c) AGAINST ALL DEFENDANTS

Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

26. Defendants conducted business through interstate commerce. Defendants claimed KEYSTONE was an investment platform and sought investors in many States and Foreign Nations.

27. KEYSTONE was an enterprise. WRIGHT solicited investors from many States and several Foreign Nations claiming that monies would be used to fund SEWC operations and reorganization. The funds were then laundered for WRIGHT's personal use and for the use of CGROWTH.

28. WRIGHT, Frank Ottaviani, KEYSTONE and CGROWTH engaged in a pattern

29. Of Racketeering activity.

30. The Racketeering activity complained of, as outlined in Paragraphs 9-24 supra, includes acts which are indictable under 18 U.S.C. § 1343 (relating to wire fraud) and 18 U.S.C. § 1956 (relating to the laundering of monetary instruments).

31. Plaintiffs have suffered damages as a direct result of the Racketeering activity of the Defendants.

**WHEREFORE,** Plaintiffs demand damages against Defendants for violation of 18 U.S.C. § 1962(c) and such other relief this Court deems just and proper including but not limited to actual damages, treble damages, punitive damages, prejudgment interest, and the attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

### CAUSE OF ACTION II--UNJUST ENRICHMENT AGAINST DEFENDANTS

Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

32. The Plaintiffs have conferred a benefit on all Defendants who have knowledge thereof.

33. The Plaintiffs provided funds to KEYSTONE. These funds were used for an improper purpose by all Defendants.

34. The Defendants have voluntarily accepted and retained the funds given by Plaintiffs.

35. Plaintiffs' funds have enriched all of the Defendants. The circumstances are such that it would be inequitable for the Defendants to retain the benefits without paying the value thereof to Plaintiffs.

**WHEREFORE**, Plaintiffs demand damages against Defendants for unjust enrichment and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, and the attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

### CAUSE OF ACTION III—FRAUD AGAINST WRIGHT

36. Paragraphs 1 through 24 of this Complaint are incorporated as if fully set forth herein.

37. As described more fully above, WRIGHT knowingly made numerous false representations to Plaintiffs:

    1. WRIGHT told Plaintiffs he was looking for funding to further SEWC business.

    2. WRIGHT told Plaintiffs that SEWC needed cash to "clean up" and reorganize SEWC in anticipation of a merger.

    3. WRIGHT told Plaintiffs SEWC was a viable business and that its value would be increased after a reorganization and a merger with another company.

    4. WRIGHT told Plaintiffs' that their funds would only be used for the benefit of SEWC.

   5. WRIGHT told Plaintiffs that they would receive a controlling position in SEWC post reorganization and merger.

38. The above statements contained false information. WRIGHT knew the information was false at the time the statements were made. From the content of the statements it is apparent that these statements were made as part of a deliberate attempt to defraud Plaintiffs.

39. Plaintiffs reasonably relied on WRIGHT'S false statements and his willful omissions in deciding to wire money to KEYSTONE.

40. As a direct and proximate result of WRIGHT'S false statements, WRIGHT has caused, and will continue to cause, Plaintiffs to suffer substantial monetary damages as a result of the wrongdoing described herein.

**WHEREFORE**, Plaintiffs demand damages against WRIGHT for Fraud and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, and the attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

### CAUSE OF ACTION IV--CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

41. All Defendants are parties to a civil conspiracy.

42. Defendants conspired to do an unlawful act, which was to defraud the Plaintiffs.

43. The Defendants conspired to do this act by an unlawful means, deceiving the Plaintiffs, and through that deception persuading the Plaintiffs to provide funds to KEYSTONE based on false information and false promises.

44. The Defendants conspired to make false representations and material omissions in communications WRIGHT had with the Plaintiffs and to misappropriate the funds of the Plaintiffs for their own enrichment and benefit.

45. Defendants, committed overt acts in furtherance of their conspiracy by making false statements (including statements made by WRIGHT at the W Hotel and in WRIGHT's September 12th, 2014 email). Plaintiffs were induced, and did give the requested funds. Plaintiffs suffered damages as a result of the conspiracy.

**WHEREFORE,** Plaintiffs demand damages against Defendants for civil conspiracy and such other relief this Court deems just and proper including but not limited to actual damages, punitive damages, prejudgment interest, and the attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  Brooklyn, New York
            December 9, 2016

                **PAMPALONE LAW**

                By:  s/Michael Pampalone/

                Michael Pampalone III (MP-1474)
                15 Dunham Place
                Suite 10E
                Brooklyn, New York  11249
                Telephone:       (718) 388-0912
                Email:  michael@pamplaw.com

                Attorney for Plaintiffs

Of Counsel:

s/John P. Hess
John P. Hess, Esq.
F.B.N. 31075

**John P. Hess, P.A.**
2100 Coral Way, Suite 300
Miami, FL 33145
Ph: (305) 310-0904
Email: jhess@johnphess.com

Attorney for Plaintiffs

(An application for Mr. Hess to appear *pro hac vice* will be filed with the Court in due course)