<div style="text-align:center">
Law Offices of
# Daniel S. Steinberg P.C.
Attorneys at Law
</div>

| 355 Lexington Avenue, Suite 401 | 14 Donellan Road |
|---|---|
| New York, NY 10017 | Scarsdale, NY 10583 |

<div style="text-align:center">212.666.3316</div>

**Daniel S. Steinberg**
daniel@dsteinberglaw.com

<div style="text-align:right">June 6, 2017</div>

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    Radcliffe v. Wright; 1:16-cv-9511-GHW
                Opposition to Plaintiffs' Letter Motion for Leave to File an
                Amended Complaint (Doc. 33)

Dear Judge Woods:

      I am counsel to defendants William Wright ("Wright"), Keystone Financial Management, Inc. ("Keystone"), and CGrowth Capital, Inc. ("CGrowth") in the referenced matter and submit this letter in opposition to plaintiff's letter motion for leave to file a proposed amended complaint (hereinafter, the "proposed complaint" or "Am. Compl.") pursuant to rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP").

## Plaintiffs' Motion Also Seeks Relief Under FRCP 21

      Although the issue did not arise during the status conference held on May 15, 2017, plaintiffs by their motion seek leave to drop from the case defendant CGrowth and add two new defendants, Robert Stevens ("Stevens") and Social Life Network, Inc. ("Social Life"). Such relief is available under FRCP Rule 21 and defendants do not oppose the change in parties. However, CGrowth is a named defendant to the action as originally filed such that its dismissal from the case should be memorialized on the Court's docket by plaintiffs filing a voluntary dismissal or Court's entry of an order accomplishing the same.

      Furthermore, the addition of two new defendants impacts how the case should proceed. Defendants Wright and Keystone request that their time to respond to the proposed complaint (if it is permitted to be filed) be extended and made coextensive with the time for Stevens and Social Life to respond. The Court may recall that $50,000 of the $74,000 received by Keystone from plaintiffs was forwarded on their behalf to Stevens who, upon information and belief, used those funds in connection with a merger transaction that resulted in the publicly traded company, Social Life. The addition of the two new parties may spark a renewed effort to resolve this dispute and

Hon. Gregory H. Woods  
June 6, 2017  
Page 2

Law Offices of  
**DANIEL S. STEINBERG P.C.**

render unnecessary a motion to dismiss the proposed complaint. Additionally, if the case does not settle, Stevens and Social Life may wish to join in a motion to dismiss. In that case, it would be more efficient for the Court to receive a single motion to dismiss or, at least, to hear and determine all such motions at the same time.

**The Proposed Amended Complaint Remains Subject to Dismissal**

Leave to file an amended complaint will be denied where the proposed pleading is futile and subject to dismissal under FRCP 12(b)(6). *E.g., Detroit Gen. Ret. Sys. v. Medtronic, Inc.*, 621 F.3d 800, 809 (8th Cir. 2010).

a. **Failure to State a Claim under RICO.** At the status conference when plaintiffs sought permission to prepare the proposed complaint, they claimed there were additional allegations to address defendants' objections that the complaint failed to allege the requisite pattern of racketeering activity and that it lacked particular allegations sufficient to identify the enterprise in which the defendants allegedly engaged. *See generally Jus Punjabi, LLC v. Get Punjabi, Inc.*, 2015 U.S. Dist. LEXIS 66006, *22-27 (S.D.N.Y. May 20, 2015); *Morse v. ResCap Borrower Claims Trust*, 2015 U.S. Dist. LEXIS 9646, *16-17 (S.D.N.Y. Jan. 26, 2015). Plaintiffs have responded with paragraph 38 of the proposed complaint which, contrary to plaintiffs' purpose, only serves to confirm that there is neither a pattern nor an enterprise that would permit a claim under the RICO statute. The additional allegations merely concern promissory notes issued by CGrowth which have not been repaid or converted to shares of CGrowth. Am. Compl. ¶38. The fact pattern concerning the promissory notes is entirely different from the failed merger transaction here at issue and, consequently, refutes plaintiffs' claim of a pattern and enterprise.

b. **Lack of Complete Diversity.** The proposed complaint still does not include allegations sufficient to establish complete diversity. With regard to plaintiff Crackerjack Classics, LLC ("Crackerjack"), plaintiffs merely have added the legal conclusion that the company's members "are residents and citizens of the state of New York." Am. Compl. ¶2. Whether that conclusion is true cannot be verified as plaintiffs have omitted to allege the nature or identities of the members. *See, e.g., Avant Capital Partners, LLC v. W108Dev. LLC*, 216 U.S. Dist. LEXIS 87464, *3-4 (S.D.N.Y. June 30, 2016) (citing, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Moreover, plaintiffs have neglected to allege the state in which Social Life is incorporated. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *Palmiotti v. JAF Carrier L.L.C.*, 2017 U.S. Dist. LEXIS 45677, *5 (E.D.N.Y. Mar. 28, 2017).

c. **Lack of Damages Exceeding the Jurisdictional Amount and Plaintiffs' Damages Cannot be Aggregated to Achieve the Jurisdictional Amount.** The proposed complaint does not resolve the deficit in the original complaint concerning the jurisdictional amount. Plaintiffs' response was merely to allege that they incurred $60 in wire fees, Am. Compl. ¶¶18-19, without offering an explanation or claim for recovering the banking fees from defendants. More importantly, however, the issue remains that Crackerjack and plaintiff Kenneth Radcliffe, who made separate investments of $25,000 and $50,000 respectively, cannot aggregate their separate claims to satisfy the jurisdictional amount in controversy. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Gilman v. BHC Secs.*, 104 F.3d 1418, 1422 (1997). Even

worse, in adding Stevens as a defendant and acknowledging that he received $50,000 of their funds, plaintiffs effectively acknowledge that their claim against Wright and Keystone amounts to no more than $24,000.

      **d. <u>Defendant Wright's Promises are not Actionable in Fraud.</u>** The proposed complaint still does not state a claim of fraud. Once again, plaintiffs rely on promises of future performance made by Wright to plaintiffs respecting a merger transaction with SEWC that failed to come to fruition when proposed merger candidates were rejected. Am. Compl. ¶¶13, 23. The new allegations added by plaintiffs do not overcome the deficiency. As we have stated previously, plaintiffs do not, because they cannot, allege that SEWC was other than a genuine public shell company, controlled by a receiver (Stevens), and available for merger with a qualified operating company. The addition of Stevens as a named defendant – because he actually received $50,000 of plaintiffs' money from Keystone, Am. Compl. ¶¶21-22 – conclusively refutes any inference that Wright and Keystone did not intend to perform the proposed investment outlined in Wright's email. In the absence of fraud, there also can be no claim of civil conspiracy.

**<u>The Proposed Amended Complaint Improperly Includes Confidential Settlement Material</u>**

      The proposed complaint should be rejected because it wrongfully pleads confidential statements made in the course of the settlement conference with Magistrate Judge Katherine H. Parker. As set forth in rule V(a) of Magistrate Judge Parker's Individual Practices in Civil Cases: "All settlement conferences are 'off the record' and strictly confidential." That was reinforced at the outset of the conference when all counsel and parties signed an agreement pledging that the proceedings would be confidential. Unfortunately, the proposed complaint does not abide that commitment. It is replete with references to information provided by defendants' counsel in the course of, or in connection with, the settlement effort. For instance, plaintiffs allege at paragraph 21 that "WRIGHT has recently alleged that he transferred" funds to Frank Ottaviani, himself and Stevens. And, in paragraph 30, plaintiffs write that "WRIGHT concedes that he misappropriated $24,000," a statement that is not even true. All such allegations should be stripped from the proposed complaint. Plaintiffs are free to allege facts, but allegations that relate back to statements made in connection with the settlement effort are inexcusable.

**<u>Allegations of the Proposed Amended Complaint are Knowingly and Recklessly False</u>**

      In the course of informal discovery that preceded the settlement conference with Magistrate Judge Parker, defendants provided information and records to plaintiffs. Contrary to that information, the proposed complaint alleges that Wright received shares of WDLF (*i.e.*, shares of Social Life) in exchange for forwarding plaintiffs' funds to Stevens. Am. Compl. ¶34. The statement is false and plaintiffs cannot have a good faith basis for making the accusation. Plaintiffs also now allege that Keystone wired $51,000 to Stevens even though the documents produced to plaintiffs confirm the timely wiring of $50,000. This false statement appears to be driven by a dogged effort to adhere to allegations that the investments made by the plaintiffs totaled $75,000, even though the actual amount was $1,000 less. Irrespective of plaintiffs' motivations, these are false allegations for which there is no evidentiary support and, accordingly, no good faith basis for their inclusion in the proposed pleading. *See* Fed. R. Civ. P. 11(b)(3).

Hon. Gregory H. Woods  
June 6, 2017  
Page 4

<div style="float:right">Law Offices of<br>**DANIEL S. STEINBERG P.C.**</div>

In light of the foregoing points and authorities, defendants request the following relief:

a. That the proposed complaint be rejected and that plaintiffs be directed to prepare a second amended complaint responsive to the issues raised herein;

b. In the alternative, if the Court permits the filing of the proposed complaint, that either (i) defendants' time to respond to the proposed complaint be extended pending the completion of service of process on Stevens and Social Life and the making of a scheduling order for the briefing of a motion to dismiss, or (ii) this letter be treated as defendants' request for a pre-motion conference respecting a motion to dismiss;

c. That CGrowth be dismissed from this action by the filing of a notice of dismissal or the entry of an appropriate order of the Court; and

d. That the stay of discovery in this action be continued.

Respectfully,

Daniel S. Steinberg

cc: Michael Pampalone III, Esq. (via ECF)  
John P. Hess, Esq. (via ECF)